MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irvin Villegas Garcia,<br><br>Petitioner,<br><br>v.<br><br>Unknown Parties, et al.,<br><br>Respondents. | No.   CV-25-04701-PHX-DWL (DMF)<br><br>**ORDER** |

Petitioner Irvin Villegas Garcia, who is confined in the Central Arizona Florence Correctional Complex (CAFCC), filed a pro se Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1), a Motion to Appoint Counsel (Doc. 2), an Application to Proceed In Forma Pauperis (Doc. 3), and a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4).  The Court will dismiss the Petition and this action and deny as moot Petitioner's Motions and Application to Proceed.

**I.     Petition**

In his Petition, Petitioner names the Department of Homeland Security Acting Field Office Director, Immigration and Customs Enforcement (ICE) Acting Director Todd Lyons, Secretary of Homeland Security Kristi Noem, Attorney General Pamela Bondi, and CAFCC Warden Rosen as Respondents.  As alleged, Petitioner, a native and citizen of Mexico, entered the United States on October 3, 2023 and has been in ICE custody since

that time. (Doc. 1 at 12, 13).[1] On October 8, 2025, an Immigration Judge entered a final order of removal for Petitioner. (*Id.* at 3.) In Ground One, Petition alleges that his detention violates due process. In Ground Two, he appears to claim that he is entitled to relief pursuant to *Bautista v. Santacruz*, 25-CV-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). In Grounds Three and Four, Petitioner appears to challenge his final order of removal.

## II.     Summary Dismissal

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). District courts are directed to screen habeas corpus petitions before requiring the government to file a response.

A district court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, foll. 28 U.S.C. § 2254;[2] *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"); *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions . . . are instructed to summarily dismiss claims that are clearly not cognizable."); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); *Jackson v. Ashcroft*, 347 F. Supp. 2d 924, 925 (D. Or. 2004) (dismissing § 2241 Petition pursuant to Rule 4).

…

---

[1] In a previous case, this Court found that Petitioner had applied for admission to the United States at the DeConcini Port of Entry in Nogales, Arizona, on October 3, 2023. *See* CV-24-03062-PHX-DWL (DMF), Doc. 39 (report and recommendation recommending denial in part and dismissal in part of § 2241 petition), Doc. 41 (order adopting report and recommendation).

[2] The Rules Governing Section 2254 Cases in the United States District Courts apply to habeas corpus proceedings under § 2241. *See* Rule 1(b), foll. 28 U.S.C. § 2254.

### A.   Ground One

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  During the 90-day removal period, continued detention is mandatory.  8 U.S.C. § 1231(a)(2).  After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6).  However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable."  *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

"[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed."  *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004).  Because Petitioner filed his § 2241 Petition during the 90-day removal period, his claim in Ground One is plainly meritless, and it will be summarily dismissed.  *Id*. at 1301 ("Because petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions.").

### B.   Ground Two

In Ground Two, Petitioner appears to contend that he is entitled to release pursuant to *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal. 2025).  In *Bautista*, a District Court in the Central District of California certified a class of noncitizens who had entered the United States without inspection and who had not been apprehended upon arrival and determined the class was not subject to mandatory detention.

As noted above, Petitioner was apprehended upon arrival at the DeConcini Port of Entry.  *Bautista* is therefore inapposite, and Ground Two will be dismissed on that basis.

### C.   Grounds Three and Four

Petitioner's claims in Grounds Three and Four are barred from habeas corpus review in district court.  *See* 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order [of removal]."); 8 U.S.C.

§ 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."). These claims directly attack and are inextricably linked with his removal proceedings, and therefore, may only be raised before the agency or via the petition-for-review process in the Ninth Circuit Court of Appeals. *See id.*; *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031-32 (9th Cir. 2016); *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012); *Singh v. Holder*, 638 F.3d 1196, 1210 (9th Cir. 2011); *Singh v. Gonzales*, 499 F.3d 969, 978 (9th Cir. 2007). Accordingly, the Court will dismiss without prejudice Grounds Three and Four.

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed without prejudice**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

(3) Petitioner's Motion to Appoint Counsel (Doc. 2), Application to Proceed In Forma Pauperis (Doc. 3), and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 4) are **denied** as moot.

Dated this 19th day of December, 2025.

Dominic W. Lanza
United States District Judge